**CORRECTED OPINION**

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4290

CHRISTOPHER G. RICHARDS, a/k/a
Chris Richards, a/k/a Christopher
Richardson,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Solomon Blatt, Jr., Senior District Judge.
(CR-96-733)

Submitted: August 24, 1999

Decided: October 1, 1999

Corrected opinion filed: October 29, 1999

Before ERVIN,* HAMILTON, and WILLIAMS, Circuit Judges.

_____

Affirmed as amended by unpublished per curiam opinion.

_____

**CHANGE TO TEXT OF OPINION**
_____

*Judge Ervin participated in the consideration of this case but died
prior to the time the amended decision was filed. The amended decision
is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

**COUNSEL**

Capers G. Barr, III, BARR, UNGER & MCINTOSH, L.L.C., Charleston, South Carolina, for Appellant. Robert Hayden Bickerton, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Christopher G. Richards appeals his convictions and sixty-month sentence for conspiracy to possess with intent to distribute marijuana and distribution of marijuana in violation of 21 U.S.C.A. § 846 (West Supp. 1999) and for money laundering in violation of 18 U.S.C.A. § 1956(a)(1)(A)(i) & (a)(1)(B)(i) (West Supp. 1999). Richards' attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that the court erred in failing to find Richards eligible for sentencing under the "safety valve" provision, U. S. Sentencing Guidelines Manual § 5C1.2 (1995), and that the court erred in sentencing Richards to a concurrent term of sixty months' imprisonment for money laundering.* Counsel concluded, however, that there were no meritorious issues for appeal. Richards was notified of his right to file a supplemental brief, but he has not done so.

We find that the district court did not plainly err in declining to sentence Richards under the "safety valve" provision of the Sentencing Guidelines. See United States v. Hanno, 21 F.3d 42, 45 (4th Cir. 1994). Other than Richards' own conclusory assertion that he was eli-

_____

*Although counsel raises this issue in reference to both the case on appeal and United States v. Richards, No. 98-CR-3 (D.S.C. April 4, 1998), we only consider the issue as it relates to the case on appeal.

2

gible for sentencing under the "safety valve" provision, there was no evidence that Richards qualified for sentencing pursuant to USSG § 5C1.2. In addition, the court properly sentenced Richards in accord with the Sentencing Guidelines, and therefore did not plainly err in sentencing him to sixty months' imprisonment on both counts to run concurrently. See USSG § 5G1.2(c).

In accordance with the requirements of Anders , we have reviewed the record for potential error and have found none. Therefore, we affirm Richards' convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

3